UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL UNION NO. 42 : : : : ASBESTOS WORKERS UNION NO. 42 : WELFARE FUND : : ASBESTOS WORKERS UNION NO. 42 : PENSION FUND : : and : : ASBESTOS WORKERS : UNION NO. 42 APPRENTICESHIP FUND : : v. : : SUPERIOR MECHANICAL SERVICES : | CIVIL ACTION NO. 04-275(SLR) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

**TABLE OF CONTENTS**

I. STATEMENT FO THE NATURE AND
   STAGE OF THE PROCEEDINGS…………………………………………………1

II. SUMMARY OF THE ARGUMENT ……………………………………………1

III. FACTUAL BACKGROUND ……………………………………………………1

IV. LEGAL ARGUMENT ………………………………………………………...2

V. CONCLUSION ………………………………………………………………..4

**TABLE OF AUTHORITIES**

**Federal Cases**

Bd. Of Tr. of Trucking Emp. Pension Fund v. Centra, 983 F.2d 495 (3d Cir. 1992) ………......…2

Central Stated, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,
    472 U.S. 559 (1985) ……………………………………………………………………..…3

Chicago Dist. Council of Carpenters Pension Fund v. Sciortino Contractors, Inc., 934 F.
    Supp. 277 (N.D. III. 1996) ……………………………………………………….……2

Conors v. Beth Energy Mines, Inc., 920 F.2d. 205 (3d Cir. 1990) ……………………………….2

Stone v. Chicago Builders and Erectors, Inc., 764.F. Supp. 516 (N.D. III. 1991) ……………….3

Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc., 862 F.2d 1020 (3d Cir. 1988)
    cert. den. 490 U.S. 1082 (1989) …………………………………………………………….2

Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983) …………………………………….3

**I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

This is an action to recover, <u>inter alia,</u> certain employee wages and benefit contributions. Plaintiffs move for a default based on Defendant's failure to respond.

**II.    SUMMARY OF ARGUMENT**

Plaintiffs are entitled to Judgment by default based on Defendant's failure to respond to the Complaint.

**III.   FACTUAL BACKGROUND**

Plaintiffs instituted suit to recover delinquent employee wages, benefit fund contributions, reports, liquidated damages and costs resulting from Superior Mechanical Service's failure to remit contributions to the plaintiff funds as well as Defendant's use of employees outside of the Union's exclusive hiring procedures.  The contributions and penalties are required by the terms and conditions of a collective bargaining agreement entered into between International Association of Heat and Frost Insulators, Asbestos Workers Local No. 42 and the Defendant under Local 42's Statement of Policy for Collection of Delinquent Contributions, which sets forth governing rules and regulations for employers having employees who are participants in the plaintiff fringe benefit funds.  A copy of the Local 42 Statement of Policy is attached as Exhibit "A".  The lost wages and related penalties are due to Plaintiff pursuant to a decision by the Asbestos Workers Local Union 42 and Employers Joint Trade Board, a copy of which is attached hereto as Exhibit "B"

The Complaint in this matter was served on September 15, 2004 on Defendant's Registered Agent for Service.  Defendant has filed no responsive pleading in this action within the time prescribed by Rule 12(a) of the Federal Rules of Civil Procedure.  Consequently, Plaintiffs submit the instant Motion for Default Judgment.

## IV. LEGAL ARGUMENT

Plaintiffs' request for relief is based in principle on Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2). This statute provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the Plan is awarded, the Court shall award the plan—
>
> (A)  The unpaid contributions,
>
> (B)  Interest on the unpaid contributions,
>
> (C)  An amount equal to the greater of
>
>     (i)  interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not to exceed 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the Court under Subparagraph (A),
>
> (D)  Reasonable attorney's fees and costs of the action, to be paid the Defendant, and
>
> (E)  Such other legal or equitable relief as the Court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26[1].

Prior to 1980, the District Courts had discretionary power to award the relief set forth in the above statute. However, in 1980 the section was amended to make the award of attorney's fees, interests and costs mandatory when an employee benefit fund prevails in a suit to compel payment of delinquent employer contributions. *Bd. of Tr. of Trucking Emp. Pension Fund v. Centra,* 983 F.2d 495 (3d Cir. 1992); *Conors v. Beth Energy Mines, Inc.,* 920 F.2d 205 (3d Cir. 1990); *Trustees of the Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.,* 862 F.2d 1020 (3d Cir. 1988) *cert. den.* 490 U.S. 1082 (1989); *Chicago Dist. Council of Carpenters Pension Fund*

---

[1] Plaintiffs' benefit plans call for interest to be calculated at the rate of 10% per annum.

2

*v. Sciortino Contractors, Inc.,* 934 F. Supp. 277 (N.D. Ill. 1996); *Stone v. Chicago Builders and Erectors, Inc.,* 764 F. Supp. 516 (N.D. Ill. 1991).

Accordingly, Plaintiffs seek judgment for Defendant's delinquent contributions, withheld employee dues deductions, interest, liquidated damages and their reasonable attorney's fees and costs of suit pursuant to section 502(g)(2)(D) of ERISA, 29 U.S. C. §1132(g)(2)(D). The calculation of these amounts are set forth in detail in the attached certification of counsel. Because an award of attorney's fees is mandatory in this action, the five factors outlined in *Ursic v. Bethlehem Mines,* 719 F.2d 670, 673 (3d Cir. 1983) for discretionary awards of attorneys' fees under ERISA are inapplicable here. *Centra,* 983 F.2d at 509.

Plaintiffs also seek an Order directing a payroll records and books audit of the Defendant to determine the amount of benefit fund contributions due and owing, plus interest, penalties and costs, are due and owing to the Plaintiffs. The Trustees' possess the right to demand that Defendant submit to such an audit under the terms of the Funds' trust agreements. An order compelling this audit falls within the remedies available to the Trustees under ERISA and under the common law of trusts, which grants Trustees any power necessary to maintain and preserve plan assets. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559 (1985)

Further, Plaintiffs seek enforcement of the Decision of the Asbestos Workers Local Union 42 and Employers Joint Trade Board which awarded Plaintiff Union the lost wages and benefits suffered as a result of Defendant's use of employees outside of the Union's exclusive hiring procedures.

**III.     CONCLUSION**

For the above reasons, Plaintiffs respectfully request that this Honorable Court award judgment in favor of the Plaintiffs and against Defendant, and order Defendant to submit to an audit of its payroll records; further Plaintiffs request judgment on all amounts determined to be due and owing pursuant to this audit.

                                                Respectfully submitted,

DATED March 16, 2005

                                                BY: /s/ Christopher D. Loizides
Christopher D. Loizides (Del. Bar No. 3968)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Facsimile:     (302) 654-0728
E-mail:     Loizides@loizides.com

                                                and

David A. Gaudioso, Esquire
MERANZE AND KATZ, P.C.
121 South Broad Street, 13th Floor
Philadelphia, PA 19107
Telephone:     (215) 546-4183
Facsimile:     (215) 790-1382
E-mail:     dag@meranzekatz.com

Attorney for Plaintiffs

4