# EXHIBIT B

INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ASBESTOS WORKERS

Local No. __42__                               City __New Castle__              State __De.__

Address ___1188 River Rd.___

## ASBESTOS WORKERS LOCAL UNION 42 AND EMPLOYERS JOINT TRADE BOARD

### Decision in the Matter of Superior Mechanical Services

On July 16, 2003, the Joint Trade Board convened to hear and determine disputes brought by Asbestos Workers Local Union 42 against Superior Mechanical Services Inc. pursuant to Article XI Section 1 of the Collective Bargaining Agreement. Notice of these proceedings and the charges brought by Local 42 was provided to Superior by letter dated June 30, 2003. At the proceedings in this matter, Local 42 presented testimony and other evidence in support of its claims. Superior by way of the notice provided on June 30, 2003, was given every opportunity to present a defense and to otherwise rebut the claims against it but nonetheless failed to appear at the scheduled hearing. At no time did Superior contact any member of the Joint Trade Board to advise that the scheduled date of these proceedings was inconvenient or otherwise presented a conflict

It is alleged that Superior has violated Article VII of the Collective Bargaining Agreement by failing to pay Health and Welfare Fund contributions (Section 6), Apprenticeship Fund contributions (Section 8), National Insulators Apprentice Training Fund contributions (Section 9), and Vacation Fund contributions (Section 10) as required under the Collective Bargaining Agreement for the period of November 2002 to the present. It is also alleged that Superior has violated Article IX Section 7 of the Collective Bargaining Agreement for the period of June 2003 to the present by obtaining and employing employees outside of the exclusive hiring hall provisions of the Collective Bargaining Agreement. With regard to such employment, it is also alleged that Superior has failed and refused to remit Union dues and Political Action Fund contributions with respect to those employees who were obtained in violation of Article XI Section 7.

The uncontested evidence provided by Local 42 establishes that Superior has not remitted Employer Contribution Reports or contributions as required under Article VII Sections 6, 8, 9, and 10. Further, the evidence shows Superior retained employees from June 2003 forward in violation of Article X Section 7 and that Union dues and Political Action Fund contributions required under Article VII Sections 11 and 12 have not been remitted on behalf of these employees. Finally, the evidence shows that Superior's failure to pay required contributions, necessitated the removal of men from work in order to protect the Funds' interests pursuant to Article VII Section

Article VII Section 13 of the Collective Bargaining Agreement requires that all Employer Reports and payments be remitted to the Union and to the Funds by the 12th day of the month following the reporting period as defined in Article VII Section 13 (A). The failure to remit required contributions and other payments postmarked by the due date results in an assessment of liquidated damages in the amount of 10% of the total amount due or a minimum of $10.00. Under Article VII Section 13 (C), the Funds and Union have the right to audit the payroll records of any Employer to assure compliance with the obligations in Article VII.

Based on the above, the Joint Trade Board has determined that Superior Mechanical Services Inc. has engaged in violations of the above noted sections of the Collective Bargaining Agreement. By way of remedy, the Joint Trade Board orders as follows:

1.  Superior shall make available to an auditor selected by the Funds and Union all payroll records necessary to perform an audit to determine the full amount of fringe benefit contributions and other payments due, as more fully set forth above, for the period of November 2002 to the present.

2.  Superior shall remit such principal payments plus liquidated damages in an amount of 10% of the total amount due or $10.00, which ever is greater. This shall include all fringe benefit contributions which should have been paid on behalf of employees who where obtained by Superior outside of the hiring hall procedure as well as any other fringe benefit contributions which are shown to be due as a result of the audit.

3.  Superior shall also pay all Union dues which should have been deducted and remitted to the Union for the period of November 2002 to the present including any Union dues that should have been paid but were not as a result of the use of employees obtained outside of the hiring hall procedure. Superior shall also pay all Political Action Fund contributions which should have been deducted from the wages of employees but were not from November 2002 to the present including Political Action Fund contributions which should have been deducted from the wages of employees obtained outside of the hiring hall procedure.

4.  Superior shall also pay lost wages and benefits resulting from the use of employees obtained outside of the hiring hall procedure. Such wages and benefits shall be based on the hours worked by the improperly retained employees and shall be distributed by the Union to those employees who lost work opportunities as a result of Superior's failure to use the hiring hall procedures.

5.  Finally, it is noted that as a result of Superior's failure to pay fringe benefit contributions it was necessary for the Union to exercise its rights under Article VII Section 13 to remove men form the job in order to protect the interests of the benefit funds. Superior is further ordered to pay to those employees who were removed from the job lost wages and benefits for the period of time that they did not work. Liquidated damages shall also be paid with respect to the fringe benefit contributions.

JOINT TRADE BOARD,


By:_____


By:_____


Date: _____


2