# EXHIBIT A

ASBESTOS WORKERS LOCAL UNION No. 42
WELFARE FUND

Statement of Policy for
Collection of Delinquent Contributions

The Board of Trustees of the Asbestos Workers Union Local No. 42 Welfare Fund hereby adopts the following policy for the collection of delinquent contributions.

## SECTION 1
### General Policy

It is the policy of the Fund to collect all employer contributions as they are due, and to make such diligent and systematic efforts as are appropriate under the circumstances to do so.

The Trustees have the legal right to exercise all remedies allowable under the Trust Agreement and under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), including but not limited to:

1. The right to establish a date on which contributions are due;

2. The right to audit the financial records of the employers, including but not limited to payroll ledgers, federal and state tax returns, IRS Form 941 and such other books and records of the employers that are necessary in order for the auditor to give an unqualified opinion that the proper contributions have been made;

3. The right to establish a random audit program;

4. The right to require that the delinquent employer pay the cost of an audit, interest, attorney's fees, and any other expenses incurred by the Fund in determining the amount of a delinquency and in collecting the delinquency;

5. The right to recover liquidated damages;

6. The right to require a bond or a cash deposit as security for prompt future payments due from an employer that has been habitually delinquent in its contributions to the Fund;

7. The right to suspend an employer who has accrued delinquencies from continued participation in the Fund's Plan of benefits until payment of delinquent contributions has been made.

8. The right to take all other steps and to perform all other acts that are necessary in order to collect contributions due to the Fund in a timely and expeditious manner.

The procedures set forth herein shall be followed unless the Board of Trustees determines in their sole discretion that they should be waived in a particular instance.

## SECTION 2
### Collection Procedure

In accordance with the Trust Agreement, ERISA, and the above declaration of policy, the following administrative steps shall be taken to effectuate the collection of delinquent contributions.

1. Contributions and the supporting remittance report (collectively referred to herein as "Contributions") are due on the date the employer's collective bargaining agreement requires payment; if the collective bargaining agreement does not state a due date, payment is due on the 12th day of the month (or next following business day if the 12th is not a business day) following the month in which the work was performed for which the contributions are owed (to be referred to as the "Due Date").

2. If Contributions are not received within 10 calendar days of the Due Date, the Fund Administrators shall send a first notice of delinquency by certified mail, return receipt requested, to the employer requesting immediate payment. The notice shall advise the employer that interest and liquidated damages have been assessed and that the Contributions along with the interest charges and liquidated damages must be remitted within 10 calendar days. An example letter is attached as Exhibit A.

3. If the delinquent Contributions, interest, and liquidated damages are not received by the Fund Office within 10 calendar days of the mailing of the first notice, the Fund Administrators shall immediately send a second notice by certified mail, return receipt requested. The notice shall state that the delinquent Contributions, interest charges, and liquidated damages must be received within 5 days and if not received that the delinquency will be referred to the Fund's legal counsel for collection. The notice shall also advise that if the delinquency is referred to legal counsel that the employer shall also be liable for all attorney's fees and costs of collection. An example letter is attached as Exhibit B.

4. If the Contributions are not received within 5 business days of the date of the second notice, the Fund Administrators shall refer the delinquency to legal counsel, with copies of the first and second notices.

5. Legal counsel shall follow the procedures set out in Section 3 of these Rules.

6. If an employer makes payment of the amount of the delinquency but not payment of accrued interest and other amounts owed, acceptance of the payment shall not constitute a waiver of the Fund's claim for such accrued interest and other amounts.

7. When an employer submits a report and payment which is significantly lower than its preceding report, the Fund Office shall seek to reconcile what appears to be a discrepancy by contacting the employer and the Business Manager of the local union on the matter. If the

apparent discrepancy is not explained, the Fund Office shall report the situation to the Board of Trustees at their next regularly scheduled meeting.

8. Pursuant to Section 4.02 of the Trust Agreement, if an employer believes that it has overpaid contributions, the employer must bring the matter to the attention of the Trustees within six months of the payment otherwise the employer's claim for overpayments shall be waived. If the Trustees conclude that the employer has overpaid its contributions, a credit may be taken in the month following the Trustees' determination. No interest credit shall be allowed to the employer on any overpayment. The application of this paragraph shall be consistent with the terms and requirements of Section 4.02 of the Trust Agreement.

## SECTION 3
### Legal Action and Settlement

1. If a delinquent employer fails to pay outstanding contributions, interest, and liquidated damages within 5 days of receipt of the second Notice of Delinquency, the matter shall be referred to Legal counsel for collection. Legal counsel shall send a letter to the employer demanding payment of the delinquent Contributions, interest, and liquidated damages.

2. In the event an employer fails to pay the delinquent Contributions, interest, and liquidated damages within 14 days after legal counsel's demand for payment, legal counsel shall initiate legal action, unless legal counsel recommends a different course of action based upon pertinent factors which include, but are not limited to the following:

    a. the financial condition of the employer,

    b. the probability of collecting a judgment once it is obtained,

    c. the employer's past performance as a contributing employer,

    d. the amount of the delinquency,

    e. the length of time the delinquent amount has been owed,

    f. the likelihood that the costs of the suit will exceed the recovery; and

    g. any other factor that, in the discretion of the legal counsel, may have a material bearing on the collection of the delinquent Contributions.

Any recommendation by legal counsel against initiating suit to collect delinquent Contributions shall be submitted to the Board of Trustees. A lawsuit shall not be commenced pending action of the Trustees on the recommendation of legal counsel. The Board of Trustees reserves the right to reject a recommendation by legal counsel and to authorize the commencement of a suit.

3. If appropriate, legal counsel may retain local counsel who will work with Counsel in processing any legal action which is commenced.

4. Legal counsel is authorized to enter into settlement negotiations (including the sending of a demand letter or other correspondence) with delinquent employers. Without further approval of the Board of Trustees, legal counsel may agree to the immediate payment of the full amounts owed, but any settlement which waives or compromises the amount owed, including interest, liquidated damages, attorney's fees or costs, or provides for installment payments must be approved by the Board of Trustees.

5. With Trustee approval, any settlement may postpone the collection of liquidated damages or attorney's fees, until a subsequent delinquency, if the collection of those amounts would involve unwarranted expense. Any written settlement providing for nonpayment of interest, liquidated damages, costs or attorney's fees shall reserve to the Trustees the right to collect such amounts in the event the employer is again delinquent in paying Contributions after the settlement is consummated.

6. The Board of Trustees reserves the right to accept or reject an employer's proposal to pay delinquent contributions, interest, liquidated damages, and attorney's fees over a period of time and to compromise any claim or delinquent account as recommended by legal counsel; provided however, that any such decision to extend the time for payment, or to compromise the amount owing, complies with Prohibited Transaction Exemption 76-1 promulgated by the United States Department of Labor.

7. Settlements calling for payment over time or compromising the amount, including interest, liquidated damages, attorney's fees, or costs, must be in writing and signed on behalf of the Fund and the employer.

8. Notwithstanding the procedures set out in this policy, the Board of Trustees may refer any delinquent account to legal counsel at an earlier or later date than provided for herein where circumstances warrant that collection action be expedited or delayed.

9. The Trustees may, from time to time, appoint a Delinquency Committee of one (1) Employer and one (1) Union Trustee to act on behalf of the Board of Trustees, as provided for under this policy.

## SECTION 4
### Interest, Liquidated Damages, Attorney's Fees and Costs, Suspension of Delinquent Employers

1. Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement. If there is no such rate specified, the rate shall be 10% per annum of the principal amount due.

2. Liquidated damages shall be calculated from the Due Date and shall become due and owing on the date of the second notice described in Section 2, Paragraph 4. The amount of the

liquidated damages shall be a flat 10% of the delinquent contributions or $10.00, whichever is greater.

3. Attorney's fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Fund for such services, for all time spent by counsel in collection efforts pursuant to Section 3 hereof or in enforcing the Board of Trustee's rights to payroll audits pursuant to Section 4 hereof.

4. All costs actually incurred in court actions for collection of delinquent Contributions or to enforce the Trustee's right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees, fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

5. Nothing in this Section or Policy shall be construed as limiting the authority of the Trustees to compromise, settle or otherwise waive any right, payment or interest they possess consistent with the obligation to act in the best interests of the participants.

6. In accordance with the authority of the Trustees as set forth in section 7.01 of the Restated Agreement and Declaration of Trust, the Trustees in addition to all rights and remedies under this policy may also suspend from further participation in the Plan of Benefits any employer who is delinquent for two (2) months or more in the payment of required contributions. Any employer who is suspended under this provision will not be reinstated until the employer has become current in its contribution obligations. In the event that an employer is suspended, the employees of such employer shall be given notice in writing of the employer's delinquencies and suspended status and shall be advised that the suspension of the employer will result in a suspension of the employees' benefits if the employee does not have sufficient hours in the Hour Bank to provide for continued eligibility status. In no event, however, shall the suspension of the employees' eligibility commence sooner than the end of the month which falls thirty (30) days from the date on which the employee receives notice of the employer's suspension.

## SECTION 5
### Reports

1. On or about the fifth day of each month, the Fund Administrators shall prepare a delinquency report which shall be sent to Fund Counsel and to each Trustee. The report shall list each employer who is delinquent and the months delinquent. For each employer the report shall list principal contributions, interest, liquidated damages, costs, and attorney's fees which are due as well as whether the employer submitted reports without payments, errors in addition of hours, contributions paid at the wrong rate, settlements not paid, contributions submitted without reports, and where the check received did not agree with the amount due. At each meeting of the Board of Trustees, the Fund Administrator shall review the report and advise of the status of each employer including the steps which have been taken to resolve the matter and whether there are any further determinations necessary by the Trustees in order to proceed further.

2. The Fund Administrators shall maintain a file of currently effective collective bargaining agreements and other agreements detailing the basis upon which employers are obligated to make Contributions to the Fund.

**Union Trustees**                                **Employer Trustees**

_____                         _____
Matthew Marowski                                  Tom Kline


_____                         _____
Mark Farmer                                       Anthony C. Harvatin

Date: _____

Exhibit A

[To be sent by the Fund Administrator on Fund
letterhead ten (10) days after due date of contributions.]

(DATE)

Re: Asbestos Workers Union Local No. 42 Welfare Fund

Gentlemen:

    Your contributions and/or remittance report to the Asbestos Workers Union Local No. 42 Welfare Fund for the month of _____ were due on _____ and have not been received. As a result of your failure to remit your contributions and reports when due, you have been assessed interest at the rate of 10% per annum and liquidated damages in the amount of 10% of the delinquent contributions or $10.00, whichever is greater. The delinquent contributions, interest, and liquidated damages must be received by the Fund within ten (10) days of the date of this letter to avoid further action.

    If your contributions and report have been mailed, please disregard this notice. If you employed no one during the above period, write "None" across the report and return the report to the Fund Office.

Very truly yours,

Fund Administrator

cc:  Matthew Marowski, Trustee
     Anthony C. Harvatin, Trustee

Exhibit B

[To be sent by the Fund Administrators on Fund letterhead ten (10) days after mailing of first notice]

(DATE)

Re: Asbestos Workers Union Local No. 42 Welfare Fund

Gentlemen:

    We have previously notified you that you are delinquent in your contributions to the Asbestos Workers Union Local No. 42 Welfare Fund as a result of your delinquency, in accordance with Section 502(g)(2) of the Employee Retirement Income Security Act, as well as under the Rules of the Plan, you are liable for the unpaid contributions, interest on the unpaid contributions, and liquidated damages in the amount of 10% of the unpaid contributions or $10.00, whichever is greater. Unless payment of these amounts is received within five (5) days, this matter will be referred to the Fund's legal counsel to commence legal action. Once referred to Fund counsel, you will also be liable for all attorney's fees and costs of collection.

                              Very truly yours,

                              Administrative Manager

cc: Matthew Marowski, Trustee
     Anthony C. Harvatin, Trustee